```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

    JOHN MARTIN                              CIVIL ACTION

    VERSUS                                   NO: 06-6889

    SAFECO INSURANCE COMPANY, ET             SECTION: "J" (5)
    AL.
```

**ORDER AND REASONS**

Before the Court is Defendant's motion to dismiss (Rec. Doc. 4). For the reasons below, Defendant's motion is **DENIED**.

**BACKGROUND**

This is a Katrina case about disputed insurance coverage. At the time of the storm, plaintiff, John Martin had taken a mortgage on his property located at 2910-12 Robert Street in New Orleans with Regions Bank. The plaintiff did not procure insurance on the property, and such insurance was procured by his mortgagee, Regions Bank. Plaintiff is neither an insured nor an additional insured on the policy.

The Defendant filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of the court's subject matter jurisdiction, and 12(b)(6) for failure to state a claim on which

relief can be granted.  Defendant claims that Plaintiff does not have standing to sue because the Plaintiff was not a party to the insurance contract at issue.

## LEGAL STANDARDS

Motions to dismiss for lack of standing are properly brought under F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(1).  *See Krim v. PCOrder.com, Inc.*, 402 F.3d 489, 493-94 (5th Cir. 2005).  The Defendant has moved that this Court lacks Subject Matter Jurisdiction and that the Plaintiff does not assert a cause of action upon which relief can be granted.  "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a . . . cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56."  *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004)(*quoting Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)).  Thus this Court must assume jurisdiction, and decide this motion on the merits using the standard of Rule 12(b)(6).

A motion to dismiss for failure to state a claim upon which relief can be granted  "is viewed with disfavor and is rarely granted."  *See e.g., Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  The Fifth Circuit has summarized as

follows: "'The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Id.* (*quoting* CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, ay 601 (1969)).

## DISCUSSION

In Louisiana, absent a contrary statutory provision, actions ex contractu cannot be maintained against a party by an individual who is not a party to the contract. *See, e.g., Randall v. Lloyd's Underwriters*, 602 So. 2d 790, 791 (La. App. 4 Cir. 1992). In this case, it is undisputed that Plaintiff is not a party to the insurance contract. Therefore the only way that Plaintiff could have a cause of action in contract against Defendant would be if the Plaintiff were a third party beneficiary of the insurance contract.

Third Party Beneficiary contracts[1], are recognized by LA. CIV. CODE ANN. arts. 1978-1985. Article 1978 provides: "A contracting party may stipulate a benefit for a third person called a third person beneficiary." However, while the Code recognizes the existence of such third party contracts, it does

---

[1]In Louisiana, Third Party Beneficiary Contracts are also known as Stipulations Pour Autrui. BLACK'S LAW DICTIONARY 1427 (7th ed. 1999) defines stipulation pour autrui as a French civil law term meaning a stipulation "for another person."

not provide an analytical framework for determining when one exists. Thus the code left to the jurisprudence the task of developing such an analytical framework.

Recently the Louisiana Supreme Court provided three criteria for determining whether contracting parties have provided a benefit for a third party. *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006); *accord Ctr. for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield*, No. 06-9985, 2007 WL 1428717, at *6 (E.D. La. May 10, 2007)(Africk, J.); *Int'l Bhd. of Elec. Workers Local 130 v. BE&K Gov't Group, Inc.*, No. 05-6629, 2007 WL 781354, at *4 (E.D. La. Mar. 12, 2007)(McNamara, J.). The three criteria are: (1) the stipulation for a third party is manifestly clear, 2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. Using these three criteria, this Court finds that a stipulation pour autrui exists. *Joseph*, 939 So. 2d at 1212.

### Stipulation Manifestly Clear

The Supreme Court's first criterion "is that the contract manifest a clear intention to benefit the third party." *Id*. It is clear to this Court that the contract manifests a clear intention to benefit the Plaintiff.

The insurance contract provides as follows:

> We [the Insurance Company] will provide the insurance described in this policy in return for the premium and compliance by you [the lender] and the **borrower** with all applicable provisions in this policy.(emphasis added)

Furthermore, the contract continues in Clause 15:

> We will adjust all losses with you.  We will pay you but in no event more that the amount of your interest in the insured location.  **Amounts payable in excess of your interest will be paid to the borrower.** (emphasis added)

Under these two provisions in the contract it is clear that there is an intent to provide a benefit to the Plaintiff.  The clear words of the contract provide that the borrower will receive amounts payable in excess of the interest that the mortgagor has in the property.  This statement is clear and unambiguous, and therefore manifests the clear intention of the parties to provide this benefit to the third party.

### Certainty As To The Benefit Provided

The Supreme Court's second criterion is that there must be certainty as to the benefit provided to the third party. *Joseph*, 939 So. 2d at 1212.  The Supreme Court has defined this factor as a corollary to the first factor. *Id.*  The court explained, "'To

create a legal obligation enforceable by the beneficiary there must be certainty as to the benefit to accrue to the beneficiary.'" *Id.* (*quoting Berry v. Berry,* 371 So. 2d 1346, 1347 (La. App. 1 Cir. 1979)).

In this case, the contract specifically defines what the benefit to the third party would be. The benefit is any amounts that are payable that are in excess of the interest that the mortgagor has in the property. Such language is very clear and unambiguous, and provides certainty as to the benefit to which the third party is entitled.

### Benefit Cannot Be Merely Incidental to the Contract

The Supreme Court's third criterion is that the benefit cannot be merely incidental to the contract. *Joseph*, 939 So. 2d at 1212. The Supreme Court provides two examples of benefits which are merely incidental to a contract. In *City of Shreveport v. Gulf Oil Corp.*, 431 F. Supp. 1 (W.D. La. 1975), the city brought an action against the oil company alleging that the oil company failed to provide gasoline to the city pursuant to a contract existing between the oil company and the State of Louisiana. The court held that while there was some benefit to the city, the contract was not made to discharge obligations owed by the State to the City and any advantages that would accrue to the City would not beneficially affect the State. Similarly, in

*Allen & Currey Mfg. Co. v. Shreveport Waterworks*, 37 So. 980 (La. 1905), the Supreme Court held that when a water company contracted with the city to provide maintenance on the city's fire hydrants, an individual landowner whose building was destroyed by fire could not recover because of alleged breaches of the company's contract.  The court held that the individual's benefit was merely incidental to the contract.  Professor Smith's discussion of incidental benefits is particularly instructive: "Not every promise, performance of which may be advantageous to a third person will create in him an actionable right.  The problem is to separate the cases where and advantage has been stipulated from those where the advantage relief upon is merely an incident of the contract between the parties." *Joseph*, 939 So. 2d at 1212-13 (*quoting* J. Denson Smith, *Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui*, 11 TUL. L. REV. 18, 28 (1936).

    In this case, the benefit provided to the third party is specifically spelled out in the contract.  This is a direct benefit to the third party and not incidental to any claims between the contracting parties.  This is unlike the advantage in *Gulf Oil* and *Allen & Currey*, where the benefits were not specifically stipulated for the third parties. Here the advantage is clearly intended by the parties and specifically granted to

7

the third party.

## CONLCLUSION

Accordingly, Defendant's Motion to dismiss is **DENIED**.

New Orleans, Louisiana this the 11th day of July, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE